Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CP PRODUCTIONS, INC., ) | **No. 2:12-cv-00616-WBS-JFM** |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S CASE STATUS REPORT** |
| v. ) | |
| ) | |
| JOHN DOE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S CASE STATUS REPORT**

Plaintiff CP Productions, Inc. (hereinafter "Plaintiff"), by and through its undersigned counsel, hereby submits Plaintiff's Case Management Conference Report pursuant to the Court's Order Re: Status (Pretrial Scheduling) Conference (ECF No. 6), and the Federal Rules of Civil Procedure ("FRCP"), Rule 26.[1]

**(a) Brief Summary of the Claims:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. Defendant John Doe (hereinafter "Defendant") is an alleged copyright infringer.

Plaintiff alleges that Defendant, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted

---
[1] Plaintiff submits this Case Management Conference Report on its own because, for reasons discussed more thoroughly below, Plaintiff is the only party in this case at this time.

works available for distribution to others. Plaintiff further alleges that Defendant acted in concert with other individuals to download a multitude of Plaintiff's copyrighted works via the BitTorrent protocol.  Currently, the identities of Defendant's alleged joint tortfeasors are unknown because they, including Defendant, all operated under the cover of a network address when they joined a common BitTorrent swarm composed of fellow infringers, and downloaded the same exact files and unlawfully distributed Plaintiff's copyrighted works amongst one another.

On March 9, 2012, Plaintiff filed its Complaint. (ECF No. 1).  On March 13, 2012, Plaintiff filed its Ex Parte Application for Leave to Take Expedited Discovery. (hereinafter "Application," ECF No. 7).  On March 19, 2012, the Honorable Magistrate Judge John F. Mueller issued his Order granting Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery (ECF No. 9, hereinafter "March 19 Order").  Over the following days, pursuant to the March 19 Order, Plaintiff served the requisite subpoenas on the Internet Service Providers ("ISPs") referenced in Exhibits A and B attached to Plaintiff's Complaint—including Comcast Cable Communications ("Comcast"), the ISP that issued the IP address listed on Exhibit A used by John Doe. (ECF Nos. 1-1, 1-2).  Per the Court's Order, the "Each ISP will have thirty (30) days from the date a copy of this Order and copy of the subpoena are served to respond…. Subscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions…. [and] [i]f the thirty-day period lapses without a contest, the ISPs will have ten (10) days thereafter to produce the information responsive to the subpoena of Plaintiff." (ECF No. 9).

At this point, while the subpoenas have been served on the ISPs—including Comcast—the ISPs have not returned any of the identifying information to Plaintiff.  Per the timeline provided in the Court's March 19 Order, Plaintiff does not expect to see any information from any of the ISPs until *at least* early to mid-June.  Even this estimate is optimistic; from prior experience, actually receiving information from the ISPs can take much longer and compliance is unpredictable.  At this point, therefore, Plaintiff has been unable to identify the Doe Defendant or his/her joint tortfeasors.

///

///

**(b) Status of Service:**

At this point, as discussed above, Plaintiff has been unable to identify the John Doe infringer. In light of that, Plaintiff is currently unable to name and/or serve a defendant in this case as more thoroughly explained above.

**(c) Possible Joinder:**

Plaintiff has no plans to join parties at this time especially considering Plaintiff is currently unable to identify John Doe.

**(d) Contemplated Amendments to the Pleadings:**

None.

**(e) Statutory Basis for Jurisdiction and Venue:**

As alleged in Plaintiff's Complaint (ECF No. 1 ¶ 5), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

Further, this Court has personal jurisdiction over Defendant because Plaintiff believes he/she resides and committed copyright infringement in the State of California. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**(f) Anticipated Discovery and Scheduling:**

Plaintiff objects, generally, to being required to set any of the following requested dates at this time. Many of the dates are dependent on having a named defendant in this case. There is no named defendant in this case. As such, Plaintiff is likewise unable to provide the Court with any definitive timeline in this case.

(1) <u>Changes to Time, Form, or Requirements for Disclosure under Rule 26(a):</u>

Plaintiff has no suggested changes to the time, form, or requirements for disclosure other than noting that all of these things will entirely depend on when (and if) it receives the John Doe's identifying information from Comcast.

(2) <u>Subjects on Which Discovery May be Needed; When Discovery Should be Completed; Whether Discovery Should be Conducted in Phases:</u>

At this time, before even knowing when (or whether) Plaintiff will receive John Doe's identifying information from Comcast, it is premature for Plaintiff to speculate as to the discovery format or timelines necessary.

(3) <u>Changes to Limitations on Discovery Imposed under the Civil Rules:</u>

At this time, before even knowing when (or whether) Plaintiff will receive John Doe's identifying information from Comcast, it is premature for Plaintiff to speculate as to the discovery format or timelines necessary.

(4) <u>Timing of the Disclosure of Expert Witnesses; Information Required by Rule 26(a)(2):</u>

While Plaintiff currently has no objections to the timing set up in Rule 26(a)(2), at this time, before even knowing when (or whether) Plaintiff will receive John Doe's identifying information from Comcast, it is premature for Plaintiff to speculate as to the discovery format or timelines necessary.

(5) <u>Proposed Dates for Discovery Cut-Off:</u>

Again, Plaintiff believes it is pre-mature to make this proposal considering the above.

**(g) <u>Proposed Date by Which all Non-Discovery Motions Should be Filed:</u>**

Without knowing the identity of Defendant John Doe, or when/whether Plaintiff will be able to identify, contact and name Defendant John Doe, this request is unreasonable at this early stage.

**(h) <u>Proposed Dates for Final Pretrial Conference and Trial:</u>**

Again, before even knowing when (or whether) Plaintiff will receive John Doe's identifying information from Comcast, it is premature for Plaintiff to make a guess as to these dates.

///

**(i) Estimate of Days of Trial:**

Plaintiff best estimate is 4 days.

**(j) Appropriateness of Special Procedure Such as Referral to Special Magistrate, etc:**

None.

**(k) Proposed Modifications of Standard Pretrial Procedures Due to Special Nature of the Case:**

None.

**(l) Related Case:**

Not applicable.

**(m) Prospect for Settlement:**

Not applicable at this time due to the fact that there is only one party.

**(n) Any Other Matters:**

Plaintiff believes that a status conference is unnecessary as there is nothing substantive to report on at this time outside of the matters discussed herein.  Should the Court require one, Plaintiff would request that the Court allow its attorney, who lives in Marin County, to participate via telephone conference.

Respectfully Submitted,

CP PRODUCTIONS, INC.,

**DATED: May 29, 2012**

By:     /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*