J. Curtis Edmondson
Law Offices of J. Curtis Edmondson
15490 Oak Hills Drive
Beaverton, OR 97006
Phone: (503) 701-9719
Fax: (503) 214-8470
Email: jcedmondson@edmolaw.com
Attorney for Defendant(s), Unknown

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CP PRODUCTIONS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JOHN DOE,<br><br>　　　　Defendant | Case No.: **No. 2:12-cv-00616-WBS-JFM**<br><br>**INTERESTED PARTY DOE<br>JOINT STATUS REPORT**<br><br>On behalf of unnamed interested Parties who have been subject to an ISP subpoena.<br><br>**ORAL ARGUMENT AND APPEARANCE OF COUNSEL REQUESTED** |

**INTRODUCTION TO INTERESTED PARTY'S STATUS REPORT**

　　The purpose of a Rule 26 conference is that the Court may effectively manage the docket and judicial resources.  The purpose of this introduction is to alert the Court to the Plaintiff's co-pending cases and what appears to be another unorthodox attempt to abuse the legal system.

　　On 2/22/2012, in <u>AF Holdings v. Does 1-135</u>, ND CAL 5:11-cv-03336-LHK, (Docket #42), United States District Court Judge, Hon. Judy Koh, issued a minute order asking for information regarding "Prenda Law" prior lawsuits and their status.  Prenda law responded, and stated that in the **100+ lawsuits** filed by Prenda law that **no parties have been served**.  (See attached Exhibit A).

Joint Status Report – Case No. No. 2:12-cv-00616-WBS-JFM

Interested Party is simply requesting that Plaintiff to take this one John Doe, as sued and named, <u>to trial</u> before needlessly harassing the other parties alleged to having "discoverable information". (See Copending Motions to Quash).

**INTERESTED PARTY'S STATUS REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Order, Defendant Unknown hereby submits this status report, having met and conferred with Plaintiff on May 7, 2012.

**(a)     A brief summary of the claims**:

<u>Interested Party</u>:  Interested party is a target of a subpoena whose identity is currently unknown to Plaintiff and this Court, pending this Court's Order with regard to Defendant's Motion to Quash.  Defendant has been identified by an IP address allegedly associated with an allegedly infringing download of Plaintiff's work via the BitTorrent protocol.  As can be inferred from Defendant's IP address, Defendant does not reside within the Eastern District of California.

**(b)     Status of service upon all defendants and cross-defendants.**

Defendant John Doe has not been served with the Complaint or identified in the Complaint.  Defendant has filed a Motion to Quash to prevent Defendant's ISP from revealing Defendant's identity to Plaintiff.

**(c)     Possible joinder of additional parties**

Joint Status Report – Case No. No. 2:12-cv-00616-WBS-JFM

Plaintiff has stated in a pre-status conference (unusually) that the "additional parties" as identified on the subpoena are not liable for infringement. The identity of these additional defendants are, as of yet, unknown to Plaintiff. However, many of the defendants' identities, not including the Defendant represented in this Joint Status Report, have recently been or will soon be revealed to Plaintiff by the respective defendants' ISPs unless this Court issues an appropriate protective order.

Defendant contests Plaintiff's intended future joinder of defendants on the grounds that this case fails to meet the requirements of permissive joinder described in Fed. R. Civ. P. 20(a)(2). Furthermore, severance of all parties into separate actions and require Plaintiff's to pay a separate filing fee for such actions.

**(d)     Contemplated amendments to the pleadings**

Defendant assumes Plaintiff will amend its Complaint when defendants' identities are known to Plaintiff.

**(e)     The statutory basis for jurisdiction and venue.**

Defendant: Defendant has asserted in its Motion to Quash that jurisdiction within the Eastern District of California is improper and that the subpoena is simply a ruse to obtain identities of parties so that Plaintiff can send "demand letters". Therefore, it is Defendant's position that this Court should exercise discretion in revealing their identities.

**(f)     Anticipated discovery and the scheduling of discovery, including:**

Joint Status Report – Case No. No. 2:12-cv-00616-WBS-JFM

**(1)  What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?**

<u>Defendant</u>:  Plaintiff should not have access to parties identities until Doe 1 is identified, served, and liability is established by trial.

**(2)  The subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases.**

Discovery will be completed by Dec 31, 2012.  The parties will likely conduct discovery

**(3)   What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed?**  Defendants are likely to request a protective order from having their identities revealed until a final judgment is entered.

**(4)  The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2).**

Dec 31, 2012

Joint Status Report – Case No. No. 2:12-cv-00616-WBS-JFM

    **(5)  The proposed dates for discovery cut-off**.

Dec 31, 2012

**(g)**    **Proposed date by which all non-discovery motions shall be filed.**

**Mar 31, 2013**

**(h)**    **Proposed dates for final pretrial conference and trial.**

June 24, 2012

  **(i) Estimate of days of trial  and whether any party has demanded a jury.**

5 days trial.

**(j)**    **Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. 636(c).**

No need for a special master.

Joint Status Report – Case No. No. 2:12-cv-00616-WBS-JFM

**(k)    Proposed modification of standard pretrial procedures due to the special nature of the case;**

Issues relating to the handling of the parties named in the discovery request.

**(l)    Whether the case is related to any other case, including any matter involving bankruptcy.**

The Court should take judicial notice of other Prenda Law cases.

**(m)    Prospects for settlement, including whether a settlement conference should be scheduled.**

Plaintiff's modus operandi is to dismiss the case before an answer is filed.

**(n)    Any other matters that may be conducive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the trial judge acting as settlement judge.**

Plaintiff's theory is that John Doe is the only party liable for infringement.  This case should proceed on that theory, reveal John Doe, litigate, and render judgment.

The purpose of the subpoena is only to harass the parties revealed by sending out demand letters.  To the extent that

Joint Status Report – Case No. No. 2:12-cv-00616-WBS-JFM

Defendant is willing to waive any disqualification and stipulate to the trial judge acting as settlement judge.

DATED: May 7, 2012                             LAW OFFICES OF J. CURTIS EDMONDSON

_____

By  /s/ J. Curtis Edmondson_____

　　J. Curtis Edmondson

　　Attorney for Defendant(s), Unknown

Joint Status Report – Case No. No. 2:12-cv-00616-WBS-JFM

**CERTIFICATE OF SERVCICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on May 28, 2012 with a copy of this document via the Court's CM/ECF system per Local Rule 135(a).

/s/ J. Curtis Edmondson

J. Curtis Edmondson

Joint Status Report – Case No. No. 2:12-cv-00616-WBS-JFM