Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CP PRODUCTIONS, INC., ) | **No. 2:12-cv-00616-WBS-JFM** |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S OMNIBUS RESPONSE** |
| v. ) | **IN OPPOSITION TO MOVANTS'** |
| ) | **MOTIONS FOR PROTECTIVE** |
| JOHN DOE, ) | **ORDERS** |
| ) | |
| Defendant. ) | |
| ) | |

Two substantially identical motions[1] for protective orders were filed by anonymous individuals ("Movants") through attorney Nicholas Ranallo. (ECF Nos. 12, 14.) Movants seek protective orders to prohibit their Internet service providers ("ISPs") from providing their identifying information to the Plaintiff. (ECF Nos. 12, 14.) Movants advance four legal arguments in support of their motions: 1) that the requested discovery does not satisfy the good cause standard for early discovery; 2) that the requested discovery is not relevant to the instant case; 3) that the requested discovery cannot identify the infringer(s) of Plaintiff's copyrighted work; and 4) that a protective order would protect would protect Movant from annoyance, embarrassment, oppression, and/or

---

[1] The first motion was brought by an individual associated with Internet Protocol ("IP") address 96.41.117.43. (ECF No. 12.) The second motion was brought by an individual associated with IP address 71.95.203.190. (ECF No. 14.) In basically all other aspects the motions are the same. The second motion contains a Preliminary Notes stating the same. (ECF No. 14-1 at 1.)

undue burden or expense. (ECF Nos. 12-1 at 6-19; 14-1 at 6-20.) For the reasons set forth below, Movants' motions should be denied.

**INTRODUCTION: A HISTORY OF BITTORRENT COPYRIGHT INFRINGEMENT**

Movant begins his motion by painting the picture of what it must be like for someone to be involved in BitTorrent copyright infringement litigation. Plaintiff concedes that litigation in general is not enjoyable and wishes that it was not necessary. However, it is important to understand who has actually been injured in this case. Plaintiff is a producer of copyrighted material. Plaintiff spends significant time and resources creating this copyright material. It hires workers, human resources personnel, and accountants. It hires lawyers to copyright the creative material it produces. Plaintiff's business depends on its intellectual property rights being respected.

Unfortunately for Plaintiff, websites exist that allow Internet users to obtain copies of Plaintiff's copyrighted material without permission and without compensation. Thousands, if not hundreds of thousands, of individuals have obtained free copies of the copyrighted material Plaintiff has spent so much time and energy creating. The infringement is continuous, on-going, and to great detriment to Plaintiff. In order to remedy the situation Plaintiff is forced to hire forensic investigators and lawyers in order to pursue the relentless infringement of its copyrighted work. This takes time and Plaintiff must wait patiently, notwithstanding that the infringement continues to occur on a daily basis.

After Plaintiff is finally able to begin filing lawsuits, individuals involved at even the most basic levels of the lawsuit, and their lawyers, attack the reputation of Plaintiff. Commonly the basis for their attacks is the issuance of a single letter sent by copyright holders providing infringers the opportunity to settle their claims before both sides incur unnecessary costs. Movant and others commonly argue that they are forced to settle even if they are innocent out of fear of being named in a lawsuit involving sexually explicit material. However, as Movant, point out: "**Only a TINY fraction of those threatened are ever served in a copyright infringement action.**" While Plaintiff does not threaten just anyone with litigation, it does take great care to only name and serve individuals when it has a good faith basis to do so. Plaintiff is not in the business of naming

and serving innocent individuals. Therefore, concerns that innocent account holders will face embarrassment if they do not settle are unfounded. Plaintiff simply wants the infringement to end, and this lawsuit is its means for that to happen. By focusing on serial infringers like the John Doe defendant in this action, Plaintiff hopes to send a message to other would-be infringers.

## ARGUMENT

This brief consists of five parts. Part I argues that Movants lack standing to move for protective orders. Part II argues that Movants have not met the legal standard for bringing a motion for reconsideration. Part III argues that the information Plaintiff seeks is highly relevant to Plaintiff's claims. Part IV argues that the requested information can be used to identify the infringer(s) of Plaintiff's copyrighted work. Part V argues that Plaintiff's subpoena does not subject Movants to annoyance, embarrassment, oppression, and/or undue burden or expense.

### I.   MOVANTS LACK STANDING TO MOVE FOR A PROTECTIVE ORDER

The plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movants are not parties to this case as no one has yet been named or served. Further, Movants are not John Doe—the eventual Defendant in this case. (ECF No. 1-1) (listing the IP address associated with John Doe as 24.7.175.228). Nor are Movants persons from whom discovery is sought. Plaintiff sought (ECF No. 7), and was granted (ECF No. 9), discovery from ISPs. All subpoenas issued pursuant to the Court's March 19 Order (ECF No. 9) were issued to nonparty ISPs. Movants, therefore, lacks standing to move for a protective order. Proper methods exist for Movants to prevent the disclosure of their identifying information, but moving for a protective order is not one of them.

### II.   MOVANTS' HAVE NOT MET THE LEGAL STANDARD FOR BRINGING A MOTION FOR RECONSIDERATION

Movants request that the Court to reconsider its March 19 order (ECF No. 9) and argue that "the court erred in finding that Plaintiff had demonstrated good cause to obtain expedited discovery of Movant's personal information." (ECF Nos. 12-1 at 7; 14-1 at 7.) This request is a motion for

reconsideration in disguise and is granted only in extreme circumstances. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (explaining that a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") The overwhelming majority of district courts, including courts in this district, presented with similar applications, have granted similar discovery requests. *See e.g.*, *Pacific Century International, LTD v. John Doe*, No. 12-3479 (E.D. Cal. Jan 19, 2012), ECF No. 9 (granting discovery for the identifying information of John Doe and his joint tortfeasors); *Millennium TGA, Inc. v. John Doe*, No. 11-4501 (S.D. Tex. Feb. 9, 2012), ECF No. 6 (same); *First Time Videos LLC v. John Doe*, No. 11-00690 (E.D. Va. Jan. 9, 2012), ECF No. 8 (same). Movants are not allowed to move for reconsideration of a decision simply because they disagree with the outcome. *See Nunes v. Ashcroft*, 375 F.3d 805, 810 (9th Cir. 2003) Here, the Court's decision was consistent with the majority view on this issue. Reconsideration is not warranted.

### III.  THE INFORMATION PLAINTIFF SEEKS IS HIGHLY RELEVANT TO PLAINTIFF'S CLAIMS

Movants argues that "Plaintiff's requested discovery seeks to discover the identities of individuals that lack any connection whatsoever to the single John Doe that is being sued in the instant matter." (ECF Nos. 12-1 at 10; 14-1 at 10.) This argument is unfounded. The purpose of seeking John Doe's joint tortfeasors' identities is, *inter alia*, to establish contributory liability against John Doe and any later-joined parties for the infringing acts of the joint tortfeasors. *See Sony v. Universal City Studios, Inc.,* 464 U.S. 417, 435 (1984) ("[T]he concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another.")  In order to prove contributory infringement against a Doe Defendant and any later-joined parties, a plaintiff must prove underlying direct infringements. *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 846 (11th Cir. 1990) ("Contributory infringement necessarily must follow a finding of direct or primary infringement.")

Just as it is necessary to ascertain the John Doe's identity in order to prove his direct infringement, so too is it necessary to ascertain the joint tortfeasors' identities to prove their direct infringement. *Id.* Plaintiff will have no means of seeking information from a joint tortfeasor, examining digital forensic evidence or assessing the range of possible defenses that a joint tortfeasor might raise without first knowing who he is. *See, e.g.*, *First Time Videos LLC v. John Doe*, No. 11-00690 (E.D. Va. Jan. 4, 2012), ECF No. 7 at 4 ("Further, without these identities Plaintiff will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from coconspirators to aid in proving liability against John Doe and any co conspirators who are later joined to this action.") This, of course, is only one of many grounds for establishing the relevance of the joint tortfeasors' identities to Plaintiff's claims. For example, Plaintiff would have no sense of the extent of damages caused by a joint tortfeasor's infringement unless it had an opportunity to examine digital forensic evidence that is in the sole possession of that individual.

Contributory infringement is a plausible legal theory in BitTorrent-based copyright infringement cases. Courts have already ruled that using BitTorrent to commit copyright infringement triggers contributory infringement liability. *Raw Films, Ltd. v. John Does 1-11*, No. 12cv368-WQH (NLS), 2012 WL 684763, at *2 (S.D. Cal. Mar. 2, 2012) ("Plaintiff's allegation that each defendant was willingly and knowingly a part of the 'swarm' for purposes of the infringing conduct supports Plaintiff's claim of contributory infringement."); *Liberty Media Holdings, LLC v. Does 1-62*, No. 11-CV-575, 2011 WL 6934460, at *1 (S.D. Cal. Dec. 30, 2011) ("Defendant's conduct constitutes contributory infringement of Plaintiff's copyright in addition to direct infringement under 17 U.S.C. § 501."); *Liberty Media Holdings, LLC v. Swarm of November 16, 2010, Sharing Hash File A3E6F65F2E3D672400A5908F64ED55B66A0880B8*, No. 11-619, 2011 WL 1597495, at *3 (S.D. Cal. Apr. 26, 2011) ("Plaintiff has alleged the prima facie elements of both direct and contributory copyright infringement . . . ."). The information sought in Plaintiff's subpoenas is, therefore, highly relevant to the instant case.

Further, Movants attached declarations of Diona Atkins, an individual with no connection to the instant case. (ECF Nos. 12-2; 14-2.) Movants accuse Plaintiff of "threaten[ing] and harass[ing]

those subscribers with future litigation unless the subscriber pays demanded sum." (ECF Nos. 12-1 at 11; 14-1 at 11.) Ms. Atkins declaration paints a different picture, however, as she explains that she has received a single letter from Plaintiff's counsel and has "received no other communications from Prenda Law, Inc. of any kind . . . ." (ECF Nos. 12-2 ¶ 6; 14-2 ¶ 6.) It is difficult to make the claim of threats and harassment with respect to the issuance of a single formal letter setting forth basic demands.

Finally, Movants make several arguments on the merits, discussing issues like interaction within a swarm, joinder, and damage computation. (ECF No. 12-1 at 11-16; 14-1 at 12-17.) These arguments are premature and should be raised only if and when Movants are named and served in this case. *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *5-6 ("While these may have merit, they are for another day.") The legal merits of the case have nothing to do with whether or not Plaintiff's subpoena causes "annoyance, embarrassment, oppression, or undue burden or expense" as required by Rule 26(c).

### IV.   THE REQUESTED INFORMATION CAN BE USED TO IDENTIFY THE INFRINGER(S) OF PLAINTIFF'S COPYRIGHTED WORK

Movants argue that "an IP address does not equate to the infringer of a Plaintiff's copyright and merely identifying the individual that pays the internet bill associated with a particular IP address does not identify the individual that infringed a copyright via that IP address." (ECF Nos. 12-1 at 17; 14-1 at 17.) Movants are, of course, correct. Determining the identities of the account holders of the IP addresses associated with the infringing activity, however, is an *essential* first step to identifying the actual infringers. Even if the account holders are not the infringers, they are the only persons accessible to Plaintiff that would be able to lead Plaintiff to the true infringer. An informal meet and confer with an account holder is often sufficient to determine whether or not the account holder is the infringer, and, if not, who the actual infringer is. Without this initial identifying information Plaintiff would be unable to identify anyone that infringed on its copyrighted work and would be unable to proceed with its claims in this action.

V. **THE SUBPOENA DOES NOT SUBJECT MOVANTS TO ANNOYANCE, EMBARRASSMENT, OPPRESSION, AND/OR UNDUE BURDEN OR EXPENSE**

Movants' final argument is that the Court should "issue a protective order to prevent annoyance, embarrassment, oppression, and undue burden or expense." (ECF Nos. 12-1 at 18; 14-1 at 18.) The "annoyance and embarrassment" referred to in Rule 26 is not the annoyance of having to defend oneself in court; it is the annoyance and embarrassment associated with responding to a subpoena. *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982) (explaining that a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, *or undue burden or expense*" experienced from a subpoena). Movants, however, are not subject to Plaintiff's subpoenas and are not required to respond to them in anyway. Thus, Movants do not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *See Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movants cite cases that have raised concerns about lawsuits involving sexually explicit materials. (ECF Nos. 12-1 at 18-19; 14-1 at 19-20.) However, none of these cases involve the issuance of a protective order preventing discovery of identifying information. (ECF Nos. 12-1 at 18-19; 14-1 at 19-20.) Movants have cited no authority for the proposition that someone not subject to a subpoena faces any "annoyance, embarrassment, oppression, or undue burden or expense" from that subpoena. (*See generally* ECF Nos. 12-1; 14-1.) Movants' request for a protective order must be denied.

## CONCLUSION

The Court should deny Movants' motions. Movants lack standing to move for a protective order. Movants' request is a motion for reconsideration and Movants have not met the necessary requirements. The information Plaintiff seeks is highly relevant to Plaintiff's claims. The requested information can be used to identify the infringer(s) of Plaintiff's copyrighted work. Plaintiff's

subpoena does not subject Movants to annoyance, embarrassment, oppression, and/or undue burden or expense.

Respectfully Submitted,

                                                                    CP PRODUCTIONS, INC.,

**DATED: May 29, 2012**

                                    By:     /s/  Brett L. Gibbs, Esq.

                                               Brett L. Gibbs, Esq. (SBN 251000)
                                               Of Counsel to Prenda Law Inc.
                                               38 Miller Avenue, #263
                                               Mill Valley, CA 94941
                                               blgibbs@wefightpiracy.com
                                               *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 135.

                                              /s/ Brett L. Gibbs