J. Curtis Edmondson, P.E. CSB# 236105
Law Offices of J. Curtis Edmondson
15490 NW Oak Hills Drive
Beaverton, OR 97006
Phone: 503-701-9719
Fax: 503-214-8470
Email: jcedmondson@edmolaw.com

Attorney for Defendant(s) DOE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CP PRODUCTIONS, INC. | Case No.: 2:12-cv-00616-WBS-JFM |
| Plaintiff, | DOE 'S REPLY TO THE PLAINTIFF'S OPPOSITION TO DOE'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER |
| vs. | |
| JOHN DOE, | ORAL ARGUMENT REQUESTED |
| Defendants. | |

This Court has wide latitude in controlling discovery. *Anonymous Online Speakers v. United States Dist. Court for the Dist. of Nevada Reno* (In re Anonymous Online Speakers), 611 F.3d 653, 661 (9th Cir., 2010). Plaintiff states, on one hand, it is free to request this court for the right to early discovery, yet, on the other hand, Defendants, whose information is at issue, cannot petition this Court for any orders limiting how the discovery will be used by the Plaintiffs. When one's rights are affected, both directly, and as a third party beneficiary to an internet service provider's agreement, they have standing to petition this Court for

redress.   Whereas a motion to quash may not be the right vehicle, a protective order certainly is.

With regard to challenging a motion to quash in this Court, current case law in the 9th Circuit agrees with Plaintiff's position. *SECURITIES AND EXCHANGE COMMISSION, v. CMKM DIAMONDS, INC* 656 F.3d 829 (9th Cir., 2011). Defendants counsel acknowledges that this is the rule in the 9th Circuit, but it is not settled case law in the circuit where the subpoena will be issued.  A long memo on conflict of law principles could follow, but is not needed as a protective order achieves the same goal.

This case does not limit this Court's ability to issue subsequent protective orders that would limit or modify Plaintiff's use of this information, nor does it prevent this Court from rescinding the Order or making further protective orders. The rules (i.e. FRCP rules) should be administered for a just determination of this matter.  FRCP 1.  Thus that leaves this Court's use of a DOE's requested protective order.

Here Plaintiff's counsel has engaged in over 100 BitTorrent lawsuits using the same model.  Interestingly enough, none of these 100 lawsuits have ended in the service of a single complaint.  So how does one recover damages without a judgment? Simple.  Of the hundreds that will receive demand letters, Plaintiff knows that a certain percentage will pay 2-3K out of the fear of the "unknown" of

litigation. (See the Minute Order and Exhibit 1 Response by Plaintiff's Counsel to Hon Koh's order to Show Cause attached as Exhibit A, *AF Holdings LLC v. Does 1-135*, ND CAL, Case No 11-cv-03336 as Exhibit A).

Plaintiff's request for information has nothing to do with finding "joint tortfeasors", rather it is simply a way to obtain a mailing list. If the intent was to limit infringement, the use of the DMCA (17 USC 512) would accomplish the same task and with more efficiency (a DMCA notice and take down does not require filing a lawsuit). That is why Congress authorized the DMCA – to provide a fast and cost-effective way to limit infringement.

If Plaintiff's position is that there is a single JOHN DOE defendant, (Opposition at 4) then the information on the other JOHN DOE defendants are not needed at this phase of the case. The issue of infringement can be litigated and proven with this single JOHN DOE. But to the extent that other DOE information is needed (as alleged joint tortfeasors), then unless such DOES are actual parties in the case this Court should not permit the Plaintiff to threaten litigation and accept settlements from the other DOES using the information supplied by the ISP.

DOES therefore respectfully request that this Court issue an appropriate protective order that prevents Plaintiff's use of the information from threatening copyright infringement or a settlement demand unless these DOES are actually joined into the case. To protect the interests of the DOE's, the form of

communications should be approved so that it does not resemble a "typical" demand letter from Prenda Law. This would balance Plaintiff's need for information on the joint tortfeasors while protecting the interests of the parties who are not part of this litigation (unless joined accordingly).

Respectfully Submitted,

/x/ J. Curtis Edmondson

June 13, 2012

# EXHIBIT A

## MINUTE ORDER AND RESPONSE TO OSC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | Case No.: 11-CV-03336-LHK |
| Plaintiff, | ) | MINUTE ORDER |
| v. | ) | |
| DOES 1-135, | ) | |
| Defendants. | ) | |

Clerk: Martha Parker Brown        Plaintiff's Attorney: Brett Langdon Gibbs
Reporter: Lee-Anne Shortridge
Length of hearing:  34 minutes

A hearing on the Court's January 19, 2012 Order to Show Cause was held on February 22, 2012.  A further case management conference was set for May 23, 2012.

At the hearing, the Court ordered Plaintiff's counsel to file, by 6:00 p.m. on February 24, 2012, a sworn declaration(s) under penalty of perjury.  The declaration(s) must include the following information:

- The date that Plaintiff's counsel served subpoenas on each ISP and the date the ISP responded.
- The IP addresses for which Plaintiff's counsel has made a settlement offer and how that offer was communicated, e.g. by mail, phone, or email.  The movants (for motions to quash) and objectors to whom Plaintiff's counsel has made a settlement offer and how that offer was communicated.
- A list of ISPs not complying with Magistrate Judge Lloyd's expedited discovery order, and for which IP addresses the ISP is not complying.  Include the reason, if any, given by the ISP for not complying.
- A list of ISPs not complying with a subpoena, and for which IP addresses the ISP is not complying.  Include the reason, if any, given by the ISP for not complying.
- A list of the ISPs for which there is a pending motion to quash.
- Whether, when, and by what means Plaintiff's counsel has contacted John Doe 134, the movant in ECF No. 25.
- Whether, when, and by what means Plaintiff's counsel has contacted or attempted to contact Messrs. Ferlito and Smith.
- A list of the IP addresses for which Plaintiff's counsel received subpoena returns and whether the ISP provided all the categories of information requested by the subpoena.  If the ISP did not provide all categories of information, identify which categories of information were not provided.
- A list of the BitTorrent copyright infringement cases involving multiple joined John Doe Defendants filed Plaintiff's counsel's law firm or predecessor firm in federal court.  Identify the case by name, case number, court, and filing date.  For each case, indicate how many Doe Defendants were actually served.

**IT IS SO ORDERED.**

Dated: February 22, 2012

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

# EXHIBIT A

1)    The date that Plaintiff's counsel served subpoenas on each ISP and the date the ISP responded.

| ISP | Issued | Response |
|---|---|---|
| Advanced Colocation | 8/5/11 | |
| Covad Communications Co. | 8/5/11 | |
| AT&T Internet Services | 8/5/11 | 11/15/11 |
| Color Broadband | 8/5/11 | 8/18/11 |
| Sonic | 8/5/11 | |
| Charter Communications | 8/5/11 | 11/15/11 |
| Comcast Cable Communications | 8/5/11 | 10/10/11 |
| Frontier Communications of America | 8/5/11 | |
| Sprint PCS | 8/5/11 | |
| Unwired Broadband | 8/5/11 | 8/18/11 |
| Black Oak Computers | 8/5/11 | 9/26/11 |
| Wave Broadband | 8/5/11 | 10/24/11 |
| Clearwire US | 8/5/11 | |
| Verizon Online | 8/5/11 | |
| Surewest Broadband | 8/5/11 | |
| Cox Communications | 8/5/11 | 11/28/11 |

2)    The IP addresses for which Plaintiff's counsel has made a settlement offer and how that offer was communicated, e.g. by mail, phone, or email. The movants (for motions to quash) and objectors to whom Plaintiff's counsel has made a settlement offer and how that offer was communicated.

| Status | IP | Status | IP | Status | IP |
|---|---|---|---|---|---|
| USMail | 67.121.209.48 | USMail | 71.202.113.106 | USMail | 98.208.108.119 |
| USMail | 66.215.158.202 | USMail | 76.127.112.56 | USMail | 98.182.27.239 |
| USMail | 68.101.114.52 | USMail | 24.6.249.176 | USMail | 98.207.248.39 |
| USMail | 68.113.62.22 | USMail | 67.166.151.220 | USMail | 98.234.59.149 |
| USMail | 67.181.128.221 | USMail | 67.180.246.80 | USMail | 24.4.119.18 |
| USMail | 69.107.102.11 | USMail | 76.14.29.230 | USMail | 24.6.73.58 |
| USMail | 64.203.113.177 | USMail | 76.254.41.180 | USMail | 174.65.129.8 |
| USMail | 67.161.66.97 | USMail | 24.23.6.73 | USMail | 76.126.155.41 |
| USMail | 69.108.96.77 | USMail | 71.198.194.113 | USMail | 76.126.66.211 |
| USMail | 99.183.240.55 | USMail | 72.211.231.103 | USMail | 71.204.161.2 |
| USMail | 98.210.25.174 | USMail | 72.197.231.3 | USMail | 76.200.129.112 |
| USMail | 98.207.38.44 | USMail | 24.4.144.239 | USMail | 70.181.85.58 |
| USMail | 68.4.128.139 | USMail | 71.198.158.39 | USMail | 71.202.249.178 |
| USMail | 68.5.188.159 | USMail | 72.220.42.29 | USMail | 74.213.246.188 |
| USMail | 69.227.70.219 | USMail | 76.230.233.239 | USMail | 98.192.186.87 |
| USMail | 69.107.91.219 | USMail | 24.23.222.237 | USMail | 99.183.242.47 |
| USMail | 76.20.11.145 | USMail | 209.237.232.57 | USMail | 98.176.78.121 |
| USMail | 71.195.97.154 | USMail | 108.81.168.247 | USMail | 99.24.161.31 |
| USMail | 72.220.176.44 | USMail | 24.180.49.171 | USMail | 98.234.38.72 |
| USMail | 76.126.36.154 | USMail | 24.5.38.201 | USMail | 98.210.218.152 |
| USMail | 76.103.48.164 | USMail | 98.207.183.169 | USMail | 98.238.203.2 |
| USMail | 24.5.13.184 | USMail | 24.205.30.192 | USMail | 99.183.243.142 |
| USMail | 68.127.118.133 | USMail | 67.180.56.26 | USMail | 98.176.15.188 |
| USMail | 68.5.122.173 | USMail | 68.126.204.146 | USMail | 98.248.213.208 |
| USMail | 68.7.130.203 | USMail | 68.111.244.226 | USMail | 99.41.79.188 |
| USMail | 68.8.57.53 | USMail | 68.105.66.166 | USMail | 67.169.107.114 |
| | | USMail | 72.197.43.207 | USMail | 67.187.248.194 |

*In cases where a motion to quash was filed.*
Status    IP
USMail  71.139.12.128

USMail  71.83.208.158

3)      A list of ISPs not complying with Magistrate Judge Lloyd's expedited discovery order, and for which IP addresses the ISP is not complying.  Include the reason, if any, given by the ISP for not complying.

| ISP | IP Addresses | Reason |
|---|---|---|
| Advanced Colocation | ALL | None provided |
| Black Oak Computers | 66.160.133.102 | Two Subpoenas issued, one completed, the other no response, no reason provided |
| Clearwire US | ALL | None provided |
| Covad Communications Co. | ALL | None provided |
| Frontier Communications of America | ALL | None provided |
| Sonic | ALL | None provided |
| Sprint PCS | ALL | None provided |
| Surewest Broadband | ALL | None provided |
| Verizon Online | ALL | None provided |

4)      A list of ISPs not complying with a subpoena, and for which IP addresses the ISP is not complying.  Include the reason, if any, given by the ISP for not complying.

| ISP | IP Addresses | Reason |
|---|---|---|
| Advanced Colocation | ALL | None provided |
| Black Oak Computers | 66.160.133.102 | Two Subpoenas issued, one completed, the other no response, no reason provided |
| Clearwire US | ALL | None provided |
| Covad Communications Co. | ALL | None provided |
| Frontier Communications of America | ALL | None provided |
| Sonic | ALL | None provided |
| Sprint PCS | ALL | None provided |
| Surewest Broadband | 0 | None provided |
| Verizon Online | 0 | None provided |

5)      A list of the ISPs for which there is a pending motion to quash.
AT&T, COMCAST, CHARTER & COX

6)      Whether, when, and by what means Plaintiff's counsel has contacted John Doe 134, the movant in ECF No. 25.
Plaintiff's counsel has not attempted to contact the unidentified individual referred to by the Court as "John Doe 134."

7)      Whether, when, and by what means Plaintiff's counsel has contacted or attempted to contact Messrs. Ferlito and Smith.
Plaintiff's counsel attempted to contact Mr Ferlito by U.S mail.  Plaintiff's counsel attempted to contact Mr. Smith by U.S. mail.

8)      A list of the IP addresses for which Plaintiff's counsel received subpoena returns and whether the ISP provided all the categories of information requested by the subpoena.  If the ISP did not provide all categories of information, identify which categories of information were not provided.

| IP Address | Missing | IP Address | Missing | IP Address | Missing |
|---|---|---|---|---|---|
| 68.126.204.146 | Phone, email | 69.107.91.219 | Phone, email | 76.200.129.112 | Phone, email |
| 68.127.118.133 | Phone, email | 69.108.96.77 | Phone | 76.254.41.180 | Phone, email |
| 69.107.102.11 | Phone, email | 69.227.70.219 | Phone | 99.183.240.55 | Phone, email |
| | | 71.139.12.128 | Email | | |

| 99.183.242.47 | Phone, email | 24.5.13.184 | Email | 76.126.66.211 | Email |
| 99.183.243.142 | Phone, email | 67.161.66.97 | Email | 98.192.186.87 | Email |
| | | 67.166.151.220 | Email | 98.207.248.39 | Email |
| 99.24.161.31 | Phone, email | 67.169.107.114 | Email | 98.208.108.119 | Email |
| | | 67.180.56.26 | Email | 98.210.218.152 | Email |
| | | 67.181.128.221 | Email | 98.210.25.174 | Email |
| 99.41.79.188 | Phone | 67.187.248.194 | Email | 98.234.128.170 | Email |
| 209.237.232.57 | Phone | 71.198.158.39 | Email | 98.234.38.72 | Email |
| 68.113.62.22 | Email | 71.202.113.106 | Email | 98.234.59.149 | Email |
| 74.213.246.188 | Email | 71.202.249.178 | Email | 98.248.213.208 | Email |
| 24.23.222.237 | Email | 76.103.48.164 | Email | 68.101.114.52 | Email |
| 24.23.6.73 | Email | 76.126.155.41 | Email | 72.197.231.3 | Phone, email |
| 24.4.144.239 | Email | 76.126.36.154 | Email | | |

9)      A list of the BitTorrent copyright infringement cases involving multiple joined John Doe Defendants filed Plaintiff's counsel's law firm or predecessor firm in federal court.  Identify the case by name, case number, court, and filing date.  For each case, indicate how many Doe Defendants were actually served.

Although our records indicate that we have filed suits against individual copyright infringement defendants, our records indicate that no defendants have been served in the below-listed cases.

| Case Name | Case Number | Court | Filing date |
| --- | --- | --- | --- |
| Lightspeed Media Corporation v. Does 1-9 | 4:11-cv-02261 | ND CA | 5/6/11 |
| MCGIP, LLC v. Does 1-9 | 3:11-cv-02262 | ND CA | 5/6/11 |
| CP Productions, Inc. v. Does 1-300 | 1:10-cv-06255 | ND IL | 9/29/10 |
| Future Blue, Inc. v. Does 1-300 | 1:10-cv-06256 | ND IL | 9/29/10 |
| First Time Videos LLC v. Does 1-500 | 1:10-cv-06254 | ND IL | 9/29/11 |
| Hard Drive Productions, Inc. v. Does 1-100 | 1:10-cv-05606 | ND IL | 9/2/10 |
| Lightspeed Media Corporation v. Does 1-100 | 1:10-cv-05605 | ND IL | 9/2/10 |
| Millennium TGA, Inc. v. Does 1-100 | 1:10-cv-05603 | ND IL | 9/2/10 |
| In the Matter Of a Petittion By Ingenuity13 LLC | 2:11-mc-00084 | ED CA | 10/28/11 |
| Pacific Century International Ltd. v. Does 1-101 | 4:11-cv-02533 | ND CA | 5/25/11 |
| Boy Racer Inc. v. Does 1-10 | 1:11-cv-00592 | SD OH | 8/26/11 |
| Hard Drive Productions, Inc. v. Does 1-10 | 1:11-cv-02980 | ND IL | 5/4/11 |
| Boy Racer Inc. v. Does 1-10 | 3:11-cv-00492 | WD KY | 8/31/11 |
| CP Productions, Inc. v. Does 1-12 | 3:11-cv-02259 | ND CA | 5/6/11 |
| Hard Drive Productions, Inc. v. Does 1-11 | 1:11-cv-23033 | SD FL | 8/23/11 |
| Hard Drive Productions, Inc. v. Does 1-12 | 1:11-cv-00595 | SD OH | 8/26/11 |
| MCGIP, LLC v. Does 1-14 | 1:11-cv-02887 | ND IL | 4/29/11 |
| CP Productions, Inc. v. Does 1-14 | 1:11-cv-22204 | SD FL | 6/17/11 |
| Hard Drive Productions, Inc. v. Does 1-14 | 1:11-cv-02981 | ND IL | 5/4/11 |
| Pacific Century International LTD v. Does 1-14 | 1:11-cv-03118 | ND IL | 5/10/11 |
| Boy Racer Inc. v. Does 1-17 | 1:11-cv-05416 | ND IL | 8/10/11 |
| MCGIP, LLC v. Does 1-316 | 1:10-cv-06677 | ND IL | 10/15/10 |
| Hard Drive Productions, Inv. v. Does 1-16 | 1:11-cv-23064 | SD FL | 8/25/11 |
| Hard Drive Productions, Inc. v. Does 1-16 | 1:11-cv-03108 | ND IL | 5/10/11 |
| VPR Internationale v. Does 1-17 | 4:11-cv-01494 | ND CA | 3/28/11 |
| First Time Videos LLC v. Does 1-18 | 4:11-cv-00069 | SD IN | 6/14/11 |
| MCGIP, LLC v. Does 1-17 | 3:11-cv-50062 | ND IL | 3/9/11 |
| Boy Racer Inc. v. Does 1-17 | 1:11-cv-03097 | ND IL | 5/9/11 |
| VPR International v. Does 1-1017 | 2:11-cv-02068 | ND IL | 3/8/11 |
| Hard Drive Productions, Inc. v. Does 1-118 | 4:11-cv-01567 | ND CA | 3/3/11 |
| Hard Drive Productions, Inv. v. Does 1-18 | 1:11-cv-23032 | SD FL | 8/23/11 |

| | | | |
|---|---|---|---|
| MCGIP, LLC v. Does 1-18 | 3:11-cv-01495 | ND CA | 3/28/11 |
| Pink Lotus Entertainment LLC v. Does 1-20 | 1:11-cv-03048 | ND IL | 5/6/11 |
| MCGIP, LLC v. Does 1-20 | 1:11-cv-04486 | ND IL | 7/1/11 |
| Millennium TGA, inc. v. Does 1-21 | 3:11-cv-02258 | ND CA | 5/6/11 |
| MCGIP, LLC v. Does 1-21 | 4:11-cv-01783 | ND CA | 4/12/11 |
| Hard Drive Productions, Inc. v. Does 1-21 | 4:11-cv-00059 | SD IN | 5/20/11 |
| Hard Drive Productions, Inv. v. Does 1-20 | 1:11-cv-22208 | SD FL | 6/17/11 |
| AF Holdings LLC v. Does 1-20 | 3:11-cv-00491 | WD KY | 8/31/11 |
| Millennium TGA, inc. v. Does 1-21 | 5:11-cv-01739 | ND CA | 4/8/11 |
| Boy Racer Inc. v. Does 1-23 | 4:11-cv-00070 | SD IN | 6/14/11 |
| First Time Videos LLC v. Does 1-23 | 1:11-cv-05417 | ND IL | 8/10/11 |
| Boy Racer Inc. V. Does 1-22 | 1:11-cv-02984 | ND IL | 5/4/11 |
| MCGIP, LLC v. Does 1-24 | 1:11-cv-04488 | ND IL | 7/1/11 |
| Hard Drive Productions Inc. v. Does 1-25 | 1:11-cv-03864 | ND IL | 6/7/11 |
| Openmind Solutions, Inc. v. Does 1-2,925 | 3:11-cv-00092 | SD IL | 2/2/11 |
| MCGIP, LLC v. Does 1-24 | 1:11-cv-02985 | ND IL | 5/4/11 |
| Hard Drive Productions, Inc. v. Does 1-24 | 1:11-cv-02829 | ND IL | 4/27/11 |
| MCGIP LLC v. Does 1-26 | 5:11-cv-03679 | ND CA | 7/27/11 |
| Hard Drive Productions, Inc. v. Does 1-27 | 1:11-cv-03863 | ND IL | 6/7/11 |
| First Time Videos LLC v. Does 1-27 | 1:11-cv-02890 | ND IL | 4/29/11 |
| Pacific Century International Ltd, v. Does 1-129 | 5:11-cv-03681 | ND CA | 7/27/11 |
| First Time Videos LLC v. Does 1-28 | 1:11-cv-02982 | ND IL | 5/4/11 |
| MCGIP LLC v. Does 1-30 | 5:11-cv-03680 | ND CA | 7/27/11 |
| Hard Drive Productions, Inc. v. Does 1-130 | 4:11-cv-03826 | ND CA | 8/3/11 |
| AF Holdings LLC v. Does 1-29 | 0:11-cv-01794 | D MN | 7/6/11 |
| Hard Drive Productions, Inc. v. Does 1-30 | 1:11-cv-22102 | SD FL | 6/9/11 |
| Pacific century International LTD v. Does 1-31 | 1:11-cv-09064 | ND IL | 12/21/11 |
| Hard Drive Productions, Inv. v. Does 1-33 | 4:11-cv-03827 | ND CA | 8/3/11 |
| Hard Drive Productions, Inv. v. Does 1-32 | 1:11-cv-22206 | SD FL | 6/17/11 |
| MCGIP, LLC v. Does 1-32 | 1:11-cv-22210 | SD FL | 6/17/11 |
| Pacific Century International LTD v. Does 1-34 | 1:11-cv-03857 | ND IL | 6/7/11 |
| Hard Drive Productions, Inc. v. Does 1-35 | 1:11-cv-03866 | ND IL | 6/7/11 |
| Boy Racer Inc v. Does 1-34 | 1:11-cv-23035 | SD FL | 8/23/11 |
| AF Holdings LLC v. Does 1-135 | 4:11-cv-03336 | ND CA | 7/7/11 |
| Bubble Gum Productions, LLC v. Does 1-37 | 1:12-cv-00595 | ND IL | 1/26/12 |
| First Time Videos LLC  v. Does 1-37 | 4:11-cv-01675 | ND CA | 4/6/11 |
| Openmind Solutions, Inc. v. Does 1-39 | 3:11-cv-03311 | ND CA | 7/6/11 |
| First Time Videos LLC v. Does 1-541 | 1:11-cv-02031-RLW | DC | 11/15/11 |
| Hard Drive Productions, Inc. v. Does 1-42 | 3:11-cv-01956 | ND CA | 4/22/11 |
| First Time Videos LLC v. Does 1-43 | 1:11-cv-09066 | ND IL | 12/21/11 |
| MCGIP, LLC v. Does 1-44 | 1:11-cv-03098 | ND IL | 5/9/11 |
| Pacific Century International LTD v. Does 1-44 | 1:11-cv-04825 | ND IL | 7/18/11 |
| Hard Drive Productions, Inc. v. Does 1-44 | 1:11-cv-02828 | ND IL | 4/27/11 |
| Pink Lotus Entertainment LLC v. Does 1-46 | 5:11-cv-02263 | ND CA | 5/6/11 |
| First Time Videos LLC v. Does 1-46 | 3:11-cv-03822 | ND CA | 8/3/11 |
| Hard Drive Productions, Inc v. Does 1-46 | 3:11-cv-01959 | ND CA | 4/22/11 |
| Pacific Century International, LTD v. Does 1-48 | 3:11-cv-03823 | ND CA | 8/3/11 |
| Hard Drive Productions, Inc. v. Does 1-48 | 3:11-cv-01957 | ND CA | 4/22/11 |
| Hard Drive Productions, Inc. v. Does 1-48 | 1:11-cv-09062 | ND IL | 12/21/11 |
| MCGIP, LLC v. Does 1-49 | 5:11-cv-01801 | ND CA | 4/13/11 |
| MCGIP, LLC v. Does 1-149 | 4:11-cv-02331 | ND CA | 5/11/11 |
| Hard Drive Productions, Inc. v. Does 1-51 | 1:11-cv-05414 | ND IL | 8/10/11 |
| Boy Racer Inc v. Does 2-52 | 5:11-cv-02834 | ND CA | 6/14/11 |
| Boy Racer Inc. v. Does 1-52 | 5:11-cv-02329 | ND CA | 5/11/11 |
| Hard Drive Productions, Inc. v. Does 1-53 | 3:11-cv-02330 | ND CA | 5/11/11 |
| Pink Lotus Entertainment LLC v. John Does 1-53 | 1:11-cv-22103 | SD FL | 6/9/11 |

| | | | |
|---|---|---|---|
| MCGIP LLC v. Does 1-55 | 3:11-cv-03312 | ND CA | 7/6/11 |
| Hard Drive Productions, Inv. v. Does 1-55 | 1:11-cv-02798 | ND IL | 4/27/11 |
| Hard Drive Productions, Inc. v. Does 1-58 | 4:11-cv-02537 | ND CA | 5/25/11 |
| AF Holdings LLC v. Does 1-1,058 | 1:12-cv-00048 | DC | 1/11/12 |
| Boy Racer Inc v. Does 1-60 | 3:11-cv-01738 | ND CA | 4/8/11 |
| AF Holdings LLC v. Does 1-62 | 1:11-cv-00593 | SD OH | 8/26/11 |
| AF Holdings LLC v. Does 1-162 | 1:11-cv-23036 | SD FL | 8/23/11 |
| First Time Videos LLC v. Does 1-63 | 1:11-cv-03837 | ND IL | 6/6/11 |
| MCGIP, LLC v. Does 1-1,164 | 1:10-cv-07675 | ND IL | 12/2/10 |
| Hard Drive Productions, Inv. v. Does 1-166 | 5:11-cv-03682 | ND CA | 7/27/11 |
| Openmind Solutions, Inc. v. Does 1-565 | 1:11-cv-01883 | DC | 10/25/11 |
| Hard Drive Productions, Inc.v. Does 1-66 | 5:11-cv-03005 | ND CA | 6/17/11 |
| Boy Racer Inc v. Does 2-71 | 5:11-cv-02833 | ND CA | 6/14/11 |
| Boy Racer Inc. v. Does 1-71 | 5:11-cv-01958 | ND CA | 4/22/11 |
| Heartbreaker Productions, Inc. v. Does 1-71 | 1:11-cv-02860 | ND IL | 4/28/11 |
| Boy Racer Inc v. Does 1-73 | 3:11-cv-02534 | ND CA | 5/25/11 |
| First Time Videos LLC v. Does 1-76 | 1:11-cv-03831 | ND IL | 6/6/11 |
| Hard Drive Productions, Inc. v. Does 1-80 | 5:11-cv-02535 | ND CA | 5/25/11 |
| Bubble Gum Productions, LLC v. Does 1-80 | 1:12-cv-20367 | SD FL | 1/30/12 |
| Hard Drive Productions, Inv. v. Does 1-84 | 5:11-cv-03648 | ND CA | 7/26/11 |
| Pacific Century International LTD v. Does 1-87 | 3:11-cv-02915 | ND CA | 6/14/11 |
| First Time Videos LLC v. Does 1-186 | 3:11-cv-03310 | ND CA | 7/6/11 |
| Hard Drive Productions, Inc v. Does 1-87 | 3:11-cv-02333 | ND CA | 5/11/11 |
| Hard Drive Productions, Inc v. Does 1-188 | 3:11-cv-01566 | ND CA | 3/31/11 |
| Hard Drive Productions, Inc v. Does 1-87 | 5:11-cv-03004 | ND CA | 6/17/11 |
| Hard Drive Productions, Inv. v. Does 1-90 | 5:11-cv-03825 | ND CA | 8/3/11 |
| First Time Videos LLC v. Does 1-294 | 3:11-cv-02916 | ND CA | 6/14/11 |
| Hard Drive Productions, Inv. v. Does 1-1,495 | 1:11-cv-01741 | DC | 9/27/11 |
| AF Holdings LLC v. Does 1-96 | 3:11-cv-03335 | ND CA | 7/7/11 |
| AF Holdings LLC v. Does 1-97 | 4:11-cv-03067 | ND CA | 6/21/11 |
| Boy Racer Inc. v. Does 1-98 | 3:11-cv-02536 | ND CA | 5/25/11 |

# EXHIBIT B

## Prenda Law Demand Letter



**Prenda Law** Inc.

Protecting Intellectual Property

November ▇ 2011

Re:   *Pacific Century International Ltd v. Does 1-129*
      *5:11-cv-03681-HRL,* ▇▇▇▇

Prenda Law Inc. has been retained by Pacific Century International Ltd to pursue legal action against people who illegally downloaded their copyrighted content (i.e., "digital pirates"). Digital piracy is a very serious problem for adult content producers, such as our client, who depend on revenues to sustain their businesses and pay their employees.

On ▇▇▇▇▇▇▇▇, our agents observed the IP address with which you are associated illegally downloading and sharing with others via the BitTorrent protocol the following copyrighted file(s):

**Amateur Creampies - Farrah**

*The ISP you were connected to:* ▇▇▇▇▇▇▇

*Your IP Address you were assigned during your illegal activit*

We have received a subpoena return from your ISP confirming that you are indeed the person that was associated with the IP address that was performing the illegal downloading of our client's content listed above on the exact date(s) listed above.

On July 27, 2011 we filed a lawsuit in United States Federal Court in the Northern District of California against several anonymous digital pirates (Pacific Century International Ltd v. Does 1-129). Under the Federal Rules of Civil Procedure, our lawsuit against you personally will not commence until we serve you with a Complaint, which we are

Fax: 312.893.5677          161 N Clark St., Suite 3200, Chicago, IL 60601          Tel: 312.880.9160
Fax: 305.748.2103          1111 Lincoln Rd., Suite 400, Miami Beach, FL 33139          Tel: 305.748.2102

www.wefightpiracy.com

prepared to do if our settlement efforts fail. While it is too late to undo the illegal file sharing associated with your IP address, we have prepared an offer to enable our client to recover damages for the harm caused by the illegal downloading and to allow both parties to avoid the expense of a lawsuit.

Under the Copyright Law of the United States, copyright owners may recover up to $150,000 in statutory damages (in cases where statutory damages are applicable, which may or may not be the case here) per infringing file plus attorney's fees in cases, whereas here, infringement was willful. In it least one case where the Copyright Law has been applied to digital piracy and statutory damages were applicable, juries have awarded over $20,000 per pirated file. During the RIAA's well-publicized campaign against digital music piracy, over 30,000 people nationwide settled their cases for amounts ranging from an average of $3,000 to $12,000. More recently, on December 22, 2010, a case in which a defendant was accused of illegally downloading six works via BitTorrent, a settlement was reached for $250,000.

In light of these factors, we believe that providing you with an opportunity to avoid litigation by working out a settlement with us, versus the costs of attorneys' fees and the uncertainty associated with jury verdicts, is very reasonable and in good faith.

In exchange for a comprehensive release of all legal claims in this matter, which will enable you to avoid becoming a named Defendant in our lawsuit, our firm is authorized to accept the sum of **$3,400.00** as full settlement for the claims. This offer will expire on **12/12/2011 at 4:00 p.m. CST**. If you reject our settlement offers, we expect to serve you with a Complaint and commence litigation.

To reiterate: if you act promptly you will avoid being named as a Defendant in the lawsuit. You may pay the settlement amount by:

Mailing a check or money order payable to "Prenda Law Inc. Trust Account" to:

> **Prenda Law Inc.**
> **1111 Lincoln Rd., Suite 400**
> **Miami Beach, Florida 33139**;

Completing and mailing/faxing the enclosed payment authorization to:

> **Prenda Law Inc.**
> **1111 Lincoln Rd., Suite 400**
> **Miami Beach, Florida 33139**
> **Facsimile: (305) 748-2103.**

Be sure to reference your case number and your "Ref#" on your method of payment. Regardless of your payment method, once we have processed the settlement, we will mail you your signed Release as confirmation that your payment has been processed and that you have been released from the lawsuit.

Please consider this letter to constitute formal notice that until and unless we are able to settle our client's claim against you, we demand that you not delete any files from your computer or any other

Legal Correspondence – Settlement Purposes Only – Not Admissible Under FRE 408

# 𝒫renda Law

## FREQUENTLY ASKED QUESTIONS

Q:    Why did I receive this letter?

A:    You received this letter because copyright infringement involving your Internet account
      was detected by our agents and corroborating information was provided by your ISP.

Q:    Why are copyright lawsuits normally filed?

A:    Copyright owners file lawsuits because they have no other way to recover revenues lost
      to digital piracy on peer-to-peer networks like BitTorrent.  Digital piracy is threatening
      entire areas of creative works, including the film industry, the music industry, digital
      books, software developers, and many other creative professionals.

Q:    What are the benefits of settling?

A:    The benefits of settling include avoiding the time and expense of litigation and associated
      risks.  Once you are released from a lawsuit, you cannot be found liable for acts
      associated with the lawsuit anytime in the future.

Q:    Will I remain anonymous if I settle prior to being named as a party to this lawsuit?

A:    Yes, you will remain anonymous if you settle prior to being named.

Q:    Has my privacy been violated?

A:    No.  A copyright infringement was detected over the public Internet or a Peer-to-Peer
      (P2P) Network involving your Internet connection.

Q:    What if I have an unsecured wireless network/router?

A:    The Internet Service Provider (ISP) account holder is responsible for securing the
      connection and may be legally responsible for any infringement(s) that result from an
      unsecured wireless network/router.  This "defense" has been raised in many criminal
      matters regarding such crimes as child pornography, and the courts have generally
      rejected this defense.  As far as we are aware, this defense has never been successfully
      argued, in multiple contexts, including child pornography and civil copyright infringements
      actions.

Q:    I haven't infringed on a copyright, why did I receive a notice?

A:    If you are unfamiliar with the content, we normally find that the infringement was the
      result of a spouse, child, roommate, employee, or business associate uploading,
      downloading or otherwise sharing or displaying the copyright protected material over your
      Internet connection.  Infringements can also result from an unsecured wireless network.  If

Legal Correspondence – Settlement Purposes Only – Not Admissible Under FRE 408

Legal Correspondence – Settlement Purposes Only – Not Admissible Under FRE #08

any of these scenarios the Internet Service Provider, ISP, account holder may be held
legally responsible for the infringement(s) and settlement fees

Q:   What if I own a business and an employee infringed on a copyright?

A:   The Internet Service Provider (ISP) account holder may be responsible for securing the connection and may be legally responsible for any infringement(s) that occur. We normally find that business owners pass on out-of-pocket costs to the employee that was responsible for the infringement(s).

Q:   Will this go away if I just remove the file(s) from my computer(s)?

A:   No. In fact, removing the file(s) associated with your case(s) is a breach of your obligation to preserve electronic evidence.

Q:   I looked up my IP Address on my computer and it does not match the IP Address listed in your demand letter.

A:   Almost all IP Addresses used today are done so dynamically. This means that your ISP regularly changed the IP address assigned to your computer or router. At the exact moment that our agents observed your account being involved in infringement activity, your IP address was the one listed on the demand letter you received. Your ISP has maintained sophisticated records that clearly show your computer or router had the IP address we observed committing the infringement at the time listed in the demand letter.

Q:   What happens if I ignore this settlement offer?

A:   Once our office has determined that you do not wish to settle, or we receive indication that you are evading our good faith efforts to resolve this matter outside of court, our client will proceed to file a suit in federal court under Title 17. Our client will also continue its investigation by expanding discovery efforts, which would include the following: Depositions of subscribers and other users of the subscribers network including family, friends, and associates, forensic analysis of their computer equipment, a network survey, and a subpoena to collect Internet activity related to the subscriber's account.

Q:   How do I know that you are legally authorized act on behalf of the copyright owner?

A:   We are a law firm that has been hired by the Plaintiff in this matter. If you wish to receive additional information proving that we are legally authorized to act on behalf of the copyright owner(s) please contact us.

Q:   Do I need to hire an attorney?

A:   The decision to hire an attorney is completely up to you. We cannot give you legal advice but speaking with an attorney is generally highly advisable. Some infringers have indicated to us that our settlement offer is significantly lower than the costs associated with hiring an attorney and litigating the matter through trial.

Q:   How do I make this go away?

Legal Correspondence – Settlement Purposes Only – Not Admissible under FRE 408



renda Law inc.

Protecting Intellectual Property

## PAYMENT AUTHORIZATION

I hereby authorize Prenda Law Inc. to withdraw funds from the bank account or credit card listed below for the settlement amount and legal issue referred to on my Release and herein below.

Case Name and Ref#: _____

### PAYOR INFORMATION

Payor's Name: _____

Billing Address: _____

_____

Telephone Number: _____

Signature: _____     Date: _____

### PAYMENT INFORMATION

Payment amount:     $_____

Name on Bank Account / Credit Card: _____

**If paying via bank account:**

Type of Account: Checking / Savings

Routing Number: _____     Account Number: _____

**If paying via credit card:**

Card Number: _____     Exp. Date: _____

Card Type:     □ Master Card  □ Visa  □ AmEx     □ Discover

CID Number: _____ (this is the last three digits on the back of your Master Card, Visa, or Discover Card, or the four digit number in the upper right corner on the front of your AmEx)

Fax or mail this authorization to:

Prenda Law Inc.
1111 Lincoln Rd., Suite 400
Miami Beach, FL 33139

Fax: 312.893.5677     161 N. Clark St., Suite 3100, Chicago, IL 60601     Tel: 312.880.9160
Fax: 305.748.2103     1111 Lincoln Rd., Suite 400, Miami Beach, FL 33139     Tel: 305.748.2102

www.wefightpiracy.com

Fax: (305) 748-2103

IN RE: *Pink Lotus Entertainment LLC v. Does 1-53, 1:11-cv-22103-PAS*
Title of Work: *Dexxxter*

## CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is entered into as of 12/12/2011 ("Effective Date") by and between Pink Lotus Entertainment, LLC, ("Owner" or "Plaintiff") and the individual or entity that was assigned IP Address 72.186.75.100 on April 11 2011 (UTC), by Bright House Networks (the "Subscriber" or "Defendant John Doe") (Owner and Subscriber are collectively the "Parties").

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

14. <u>Settlement Money.</u> Subscriber shall pay Owner the sum of $3,400.00 (the "Settlement Money"). The Settlement Money shall be tendered in the form of a cashier's check, credit card or law firm check with no charge back or check cancellation, made payable to the order of "Prenda Law Inc." and delivered to Prenda Law Inc. 1111 Lincoln Road, Suite 400, Miami Beach, Florida 33139. Subscriber's payment, and Owner's receipt, of the Settlement Money shall be a condition precedent to Owner's obligation under this Agreement, as set forth below, to voluntarily dismiss with prejudice its claims against the Subscriber in the above referenced law suit.

15. <u>Confidentiality – Non Admission.</u> The terms of this Agreement shall be kept confidential. Notwithstanding the foregoing, in the event of any legal action or proceeding or requirement under applicable law or government regulations compelling disclosure of this Agreement or the terms hereof, the recipient shall forthwith notify the other party in writing of such request so that the other party may seek an appropriate protective order or take other protective measures. If, in the absence of a protective order, the recipient is liability. This Agreement is the result of a compromise and shall not be construed as an admission by the Parties of any liability, wrongdoing, or responsibility on their part or on the part of their predecessors, successors, parents, subsidiaries, affiliates, attorneys, officers, directors or employees. Indeed, the Parties expressly deny any such liability, wrongdoing or responsibility.

16. <u>Mutual Releases.</u>
    a. **Owner** and their agents, principals, attorneys, heirs, executors, administrators, predecessors, successors, assigns and privies (the "Owner Releasors"), hereby remise, release, and forever discharge Subscriber, and all of their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, executors, administrators, predecessors, successors, affiliated entities, assigns, privies, spouses and all other persons, firms or corporations, which are or might be claimed to be liable (the "Subscriber Released Parties") by virtue of the Subscriber Released Parties' liability for uploading, downloading or otherwise infringing upon Owner's copyright of the "Work", which the Owner Releasors, now have or ever had against the Subscriber Released Parties for any act or omission occurring up to and including the date of this Agreement. The Owner Releasors recognize and understand that they are releasing the aforementioned liability for any act or omission occurring up to and including the date of this Agreement which relates to the Work, regardless of whether or not they knew of said act, omission or of any injury relating thereto.
    b. **Subscriber** and their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, executors, administrators, predecessors, successors, affiliates entities, assigns, privies, spouses and all other persons, firms or corporation, which are or might be claimed through them (the "Subscriber Releasors") hereby remise, release, and forever discharge Owner and all of their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, family members, executors, administrators, predecessors, successors, affiliated entities, assigns, privies, spouses and all other persons, firms or corporations, which are or might be claimed to be liable (the "Owner Released Parties" by virtue of the Owner Released Parties' liability, for any and all actions relating to Owner's conduct in instituting the lawsuit first referenced above in which the Subscriber Releasors, not have or ever had against the Owner Released Parties. The Subscriber Releasors recognize and understand that they are releasing the aforementioned liability, for any act or omission occurring from the beginning of time up to and including the date of this Agreement, regardless of whether or not they knew of said act, omission or of any injury relating thereto.

17. <u>Independent Counsel.</u> Each party acknowledges that is has read, reviewed, and fully considered the terms of this Agreement, has had the opportunity to consult with legal counsel, has made such investigation of facts pertinent hereto as it deems necessary and appropriate, and fully understands the terms and effect of this Agreement and executed the same freely of its own accord.

18. No Admission of Liability. The Parties have determined that is would be in their mutual best interests not to engage in further litigation and desire to amicably resolve this matter. It is understood and agreed that this settlement is the compromise of a disputed claim, and that the payment made and other performances hereunder are not to be construed as admissions of liability on the part of the party or parties hereby released and that the parties deny liability and intend merely to avoid litigations and buy their peace.

19. Venue. The venue for any action seeking to enforce or construe the meaning of this Agreement or the obligations of the Parties here under shall be the United States District Court for the Southern District of Florida.

20. Legal Fees and Costs. Each party shall be responsible for paying its respective legal expenses and costs incurred in connections herewith and no moneys will be exchanged except as otherwise provided for herein. Should it become necessary for either party to institute legal action to enforce the terms of this Agreement the prevailing party shall be entitled to recover from the other party the reasonable attorneys' fees and costs associated with any such actions.

21. Binding Effect. This Agreement shall inure to the benefit of and be binding upon the parties hereto and to their respective successors and legal representatives.

22. Nonwaiver. No provision of this Agreement shall be adjudged waived unless any such waiver is signed by the party against whom the waiver is asserted. The waiver by any party of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

23. Severability. If any provisions or application of this Agreement shall be held invalid or unenforceable then any such provisions shall be deemed severed from this Agreement and the remaining provisions and applications of this Agreement shall not be affected, but rather shall remain valid and enforceable.

24. Entire Agreement. This Agreement constitutes the entire agreement and supersedes any and all other understandings and agreements between the parties with respect to the subject matter hereof and no representation, statement or promised not contained herein shall be binding on either party. This Agreement may be modified only by a written amendment duly signed by each party.

25. Successors and Assigns. This Agreement shall be binding on and inure to the benefit of all parent companies, affiliates, subsidiaries, related companies, defendants, franchisees, successors and assigns of each of the parties hereto.

26. Jointly Drafted. The parties to this Agreement have cooperated in the drafting and preparation of this Agreement. Therefore, this Agreement shall not be construed against either party on the basis that they independently drafted this Agreement.

Authority. Each of the undersigned signatories hereby represents and warrants that he or she has the authority to bind the individual or entity on whose behalf he or she is signing this Agreement.

IN WITNESS WHEREOF,


_____
Paul A. Duffy, Esq.
Prenda Law Inc.
Counsel for Plaintiff

**PROOF OF SERVICE**

I hereby certify that on June 13, 2012, a copy of the foregoing was filed by CM/ECF with the Civil Clerk at the Eastern District of California

The following will receive a copy of the foregoing by electronic copy:

DOE 'S REPLY TO THE PLAINTIFF'S OPPOSITION TO DOE'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER

**Brett L. Gibbs, Esq.**
Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff, CP Productions*

**Nicholas Richard Ranallo**
Nicholas Ranallo, Attorney at Law
371 Dogwood Way
Boulder Creek, CA 95006
831-703-4011
Fax: 831-533-5073
nick@ranallolawoffice.com
*Attorney for Movant(s)*

Dated: June 13, 2012                    Respectfully Submitted,


                                        _William Petillo_____
                                        William Petillo