IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CP PROD..,

    Plaintiff,    No. CIV 2:12-cv-0616 WBS JFM

  vs.

JOHN DOE,

    Defendant.    <u>ORDER</u>

          On July 12, 2012, the court held a hearing on a motion to quash filed by "Objector John Doe,"[1] and on two motions for protective order filed by ISP Address 96.41.117.43 and IP Address 71.95.203.190.  None of these individuals are the John Doe defendant named in the operative complaint.  Brett Gibbs appeared for plaintiff.  Nicholas Ranallo appeared for the identified IP Addresses.  Joseph Edmondson appeared for "Objector John Doe."  Upon review of the motions, hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

---

[1] The court notes in passing that there appears to be confusion as to whether the individual identified as "Objector John Doe" is the named defendant in this action.  Plaintiff, believing these individuals to be one and the same, proceeded with a Rule 26(f) conference with counsel for "Objector John Doe."  At the July 12, 2012 hearing, however, counsel for "Objector John Doe" represented that he does not represent the John Doe defendant named in the complaint.

1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A.   <u>The Complaint</u>

This action was filed on March 9, 2012 naming a single defendant, John Doe IP Address 24.7.175.228.  <u>See</u> Compl., Ex. A.  Plaintiff alleges that this John Doe and certain co-conspirators, who are not named as defendants, illegally downloaded plaintiff's copyrighted creative work, an adult video ("the Work"), from BitTorrent, a file sharing method that distributes data over the Internet.  According to plaintiff, John Doe IP Address 24.7.175.228 and his co-conspirators participated in a "peer-to-peer" network in which they exchanged the Work using BitTorrent, thereby taking part in a civil conspiracy to commit copyright infringement.

Plaintiff states that it knows the Doe defendant and his co-conspirators only by their IP addresses, which were identified by plaintiff's agents "observ[ing] unlawful reproduction and distribution occurring among IP addresses listed on Exhibit A ... via the BitTorrent Internet protocol."  Compl. at ¶ 4.  Exhibit A to the complaint lists the IP addresses of the Doe defendant and Exhibit B lists the IP addresses of the alleged co-conspirators, as well as the date and time in which these individuals allegedly engaged in acts of infringement.

Plaintiff brings suit for copyright infringement, civil conspiracy and contributory infringement.  Plaintiffs seek an award for both injunctive and monetary relief.  Plaintiff also declares its intent to seek leave of court to amend the complaint to join John Doe IP Address 24.7.175.228's co-conspirators as defendants.

B.   <u>The Ex Parte Application for Leave to Take Early Discovery</u>

Because plaintiff knew the Doe defendant and the co-conspirators' identities only by their IP addresses, plaintiff sought leave on March 13, 2012 to take early discovery ("the Application") in order to subpoena the Internet Service Providers ("ISP") of the IP addresses associated with the single John Doe defendant and the multiple non-party co-conspirators.

/////

/////

C. <u>Order Granting Leave to Take Early Discovery</u>

On March 19, 2012, the undersigned granted the Application, authorizing plaintiff to serve Rule 45 subpoenas on the ISPs named in Exhibit A and B of the complaint. The subpoenas required the ISPs to notify subscribers of the IP addresses whose information was to be released so that the subscribers would have an opportunity to file objections or motions to quash with the court.

D. <u>Motion to Quash and Motions for Protective Order</u>

On May 24, 2012, "Objector John Doe" filed a motion to quash. Doc. No. 10. On May 25, 2012, the individuals identified by their IP addresses (IP Address 96.41.117.43 and IP Address 71.95.203.190) filed separate motions for protective order. Doc. Nos. 12, 14.

DISCUSSION

A. <u>Motion to Quash</u>

On review of the motion to quash filed by "Objector John Doe," the court is unable to discern from what district and state the contested subpoena issued. Because federal courts do not have authority to quash or modify a subpoena issued from another district, Fed. R. Civ. P. 45(c)(3)(A), and because it is unclear from where the subpoena originated, this motion will be denied without prejudice.

B. <u>Motions for Protective Order / Reconsideration</u>

In the May 25, 2012 motions for protective order, John Doe IP Address 96.41.117.43 and John Doe IP Address 71.95.203.190 seek, <u>inter alia</u>, reconsideration of this court's March 19, 2012 order granting plaintiff expedited discovery as to the non-party co-conspirators. Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Kona Enterprises v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000). To succeed, a party must set forth facts or

law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

On review, the court finds that reconsideration is warranted on the ground that the co-conspirator discovery is unnecessary to identify the named John Doe defendant.  Since John Doe is the only defendant asserted in the complaint, plaintiff cannot proceed with this lawsuit without obtaining John Doe's identity.  UMG Recordings, Inc. v. Does 1-4, 2006 WL 1343597, at *1 (N.D. Cal. Apr. 19, 2006).  As noted above, however, plaintiff has not named the alleged co-conspirators in its FAC.  Although plaintiff contends that it may seek leave to join the co-conspirators, plaintiff has not done so, and it is not clear that the court would permit such joinder.  See, e.g., SBO Pictures, Inc. v. Does 1-3036, 2011 WL 6002620, at *2-4 (N.D. Cal. 2011); Hard Drive Prods. v. Does 1-130, 2011 WL 5573960, at *4 (N.D. Cal. 2011); Third Degree Films v. Does 1-3577, 2011 WL 5374569, at *3-4 (N.D. Cal. 2011); AF Holdings LLC v. Does 1-97, 2011 WL 2912909, at *2-4 (N.D. Cal. 2011); Pac. Century Int'l Ltd. v. Does 1-101, 2011 WL 5117424, at *2-4 (N.D. Cal. 2011).  Further, because the court granted plaintiff's request for expedited discovery regarding John Doe's identity, plaintiff's concerns that without knowing the identities of John Doe and his co-conspirators, "[p]laintiff will have no means to name and serve anyone with process" and "will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from co-conspirators to aid in proving liability against John Doe and any co-conspirators who are later joined to this action" are unconvincing.  Here, plaintiff was given authority to issue a subpoena to John Doe's ISP.  Once that ISP responds to the subpoena, plaintiff will presumably be able to identify John Doe, serve process, and proceed with this action (including regularly scheduled discovery).  Thus,

because plaintiff does not need expedited discovery as to the alleged co-conspirators in order to proceed with this case, that "need" does not outweigh the prejudice to the ISPs, which would necessarily incur some burden (albeit minimal) in responding to the subpoenas.

For those reasons, the court finds that, even when acknowledging the risk that the ISPs used by the alleged co-conspirators could destroy the information plaintiff seeks and thereby preclude plaintiff from discovering their identities, plaintiff failed to show good cause to seek discovery as to the co-conspirators. Accordingly, the court will vacate that portion of its March 29, 2012 order granting plaintiff leave to conduct expedited discovery as to the non-party co-conspirators.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The May 24, 2012 Motion to Quash is denied without prejudice;

2. The May 25, 2012 Motions for Protective Order and Reconsideration are granted (Doc. Nos. 12, 14);

3. The March 19, 2012 order is vacated to the extent it grants plaintiff leave to conduct expedited discovery as to the non-party co-conspirators. All subpoenas that have been issued seeking discovery as to the non-party co-conspirators are ordered quashed. Plaintiff is directed to serve a copy of this order on all ISPs named in Exhibit B of the complaint to whom plaintiff issued subpoenas and is further directed to submit proof of service within fourteen (14) days of the date of this order. The ISPs shall then serve a copy of this order upon its relevant subscribers within 30 days from the date of service upon them. Insofar as any personal

/////
/////
/////
/////
/////
/////

identifying information of the non-party co-conspirators has already been provided to plaintiff from the ISPs, plaintiff is prohibited from communicating with these subscribers.

DATED: July 30, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;cppr0616.pro_order