J. Curtis Edmondson, CSB# 236105
Law Offices of J. Curtis Edmondson
Venture Commerce Center
3699 NW John Olsen Pl
Hillsboro, OR 97124
(503) 336-3749 office
(503) 482-7418 fax
jcedmondson@edmolaw.com
www.edmolaw.com

Attorney for Movant, anonymous internet subscriber.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CP PRODUCTIONS, INC., | ) Case No.: 2:12-CV-00616(WBS)(JFM) |
| Plaintiff, | ) "EXHIBIT B" DOE'S OPPOSITION TO |
| vs. | ) PLAINTIFF'S MOTION FOR SANCTION |
| | ) AND CONTEMPT |
| UNKNOWN, | ) Hon. John F. Moulds |
| Defendant. | ) Hearing Date: 9/20/2012 |
| | ) **ORAL ARGUMENT REQUESTED** |

I. **INTRODUCTION**

This opposition is in response to a Rule 37 motion for sanctions for failure to exchange a Rule 26(a) initial disclosure. This motion should be denied for two reasons:

1) Counsel represents a person that was on "Exhibit B" of Plaintiff's complaint. All of these individuals are subject to this Court's protective order.

2) Plaintiff has failed to serve the person on "Exhibit A". Thus the real party in interest (not represented by this Counsel) is the one obligated to file a Rule 26 initial disclosure.

"EXHIBIT B" DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTION AND CONTEMPT

As this motion appears to be frivolous, Movant respectfully requests appropriate damages be awarded under Fed Rule Civ P. 37 (A) (5)(B) and **Fed Rule Civ P. 26(g)(1)(B)(ii)**.

## II. FACTUAL BACKGROUND

Plaintiff has moved that this Court award sanctions and issue a contempt order for the counsel Edmondson's failure to participate in the Rule 26 disclosure. (See Docket 40).

Plaintiff filed this complaint on 3/9/2012 then sought expedited discovery. (Dockets 1, 7, 9). Attached to the complaint were two exhibits. Exhibit A with a single IP Address: 24.7.175.228 and Exhibit B with a list of IP Addresses. (See Docket 1).

On 5/24/2012, Objector "DOE" as identified by an IP address on Exhibit B, through counsel, J. Curtis Edmondson, filed a motion to quash. (See Docket 9).

On 7/31/2012 this Court ordered the parties on "Exhibit B" of Plaintiff's complaint are not subject to expedited discovery: (See Docket 36 stating, "Order is VACATED to extent it grants plaintiff leave to conduct expedited Discovery as to non-party co-conspirators").

On 8/9/2012, Attorney Gibbs requested Rule 26 disclosures.[1]

On 8/15/2012, Attorney Gibbs filed this instant motion. (Docket 40)

On 8/23/2012, Attorney Edmondson requested that this motion be withdrawn by letter. (See Exhibit 1).

---

[1] In fact, on 5/28/2012, "Interested Party Doe", though counsel Edmondson, filed a Rule 26 "Interested Party Doe Joint Status Report". See Docket No. 16. This document was filed as a precautionary measure in case the Defendants on Exhibit B of Plaintiff's Complaint were joined to the lawsuit. The "Interested Party Doe Joint Status Report" does not act as an admission that Mr. Edmondson represented the interested party listed on Exhibit A of Plaintiff's Complaint.

"EXHIBIT B" DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTION AND CONTEMPT

Attorney Gibbs has failed to withdraw this motion or disclose to Attorney Edmondson who the real party in interest is (i.e. Exhibit A, Defendant) or file a proof of service on the party listed on Exhibit A.

### III. ARGUMENT

#### 1) COUNSEL REPRESENTS A PERSON THAT WAS ON "EXHIBIT B" OF PLAINTIFF'S COMPLAINT.  ALL OF THESE INDIVIDUALS ARE SUBJECT TO THIS COURT'S PROTECTIVE ORDER.

Plaintiff asks that Attorney Edmondson disclose information that this Court has ordered to be protected.  Edmondson represents a Party that was listed on "Exhibit B" and subject to this Court's protective order.  Attorney Gibbs has acknowledged this fact by stating in his opposition to Edmondson's motion to quash (Docket #10):

> "Movant [Edmondson]  is not a party to this case as the Defendant has not yet been named and served in this case."  (Docket #19, p2)

If there was any confusion on this matter, it was clarified by Edmondson during the Motion Hearing on July 12, 2012, the transcript of which is attached as Exhibit 2.  During the Hearing, Gibbs stated his belief that Edmondson represented the John Doe Defendant in this case, to which Edmondson replied:

> Your Honor, Mr. Gibbs has made a statement that I represent the John Doe purportedly being the John Doe as the lead defendant in this case, and that's an inaccurate statement. What I do is I represent one of the coconspirators, or alleged co-conspirators. I don't represent the named John Doe.

"EXHIBIT B" DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTION AND CONTEMPT

Gibbs disagreed, claiming that Edmondson had said "throughout the entire thing" that he represented the lead defending infringer. Edmondson replied:

> I think we can all kind of agree that the term "John Doe" is a generic term and if any misrepresentation was made by me, or confusion created, I respectfully apologize. But the reality is, I'm not John Doe, lead defending infringer, I'm John Doe, one of the other people that have been mass joined in this case. (Docket 36).

Plaintiff has failed to serve the person on "Exhibit A". Thus the real party in interest (not represented by this Counsel) is the one obligated to file a Rule 26 initial disclosure.

### 2) ATTORNEY GIBBS HAS FAILED TO FILE A PROOF OF SERVICE FOR THE DEFENDANT ON "EXHIBIT A". SERVICE SHOULD IDENTIFY THE PROPER DEFENDANT.

To the extent that Gibbs complains about Rule 26, he now has access to the information on "Exhibit A" of Plaintiff's complaint. This should allow for service of the complaint on the "Defendant". Then the "Defendant" answers and the parties have a Rule 26 conference.

It is a requirement of Rule 26 that a defendant exist. For a defendant to exist there must be valid service. As stated recently in *R&R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1245-1246 (9th Cir 2012):

> Rule 26(a)(1)(A) requires a **plaintiff** to make certain initial disclosures to the **defendant** "without awaiting a discovery request." Pursuant to subsection 26(a)(1)(A)(ii), the plaintiff must provide "a copy—or a description by category and location—of all documents ..." (Emphasis added).

Here we have no defendant and no declaration that there was service on a defendant.

Furthermore, as proof, Edmondson will also file, under seal[2], the IP address of whom he represents as proof that this IP address does not match the IP address on Exhibit A. Thus, even if

---

[2] The IP address is filed under seal to protect the anonymity of the party of Exhibit B.
"EXHIBIT B" DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTION AND CONTEMPT

there was service, Edmondson's client would still not need to participate in the Rule 26 conference.

### IV. BRETT GIBB'S MOTION FOR SANCTIONS AGAINST J. CURTIS EDMONDSON SHOULD BE DENIED AND DAMAGES AWARDED UNDER FED RULE CIV P. 26(G)(1)(B)(II), FED RULE CIV P. 37, AND 17 USC 504

Plaintiff's business model of litigation revolves around securing settlement payments. Plaintiff has an interest in discouraging the internet subscribers it targets from retaining counsel.

For example, in its "Frequently Asked Questions" section of the demand letters it sends to targeted internet subscribers, Prenda writes:

> "**Q: Do I need to hire an attorney?**
>
> A: The decision to hire an attorney is completely up to you.  We cannot give you legal advise, but speaking with an attorney is generally highly advisable.  **Some infringers have indicated to us that our settlement offer is significantly lower than the costs associated with hiring an attorney** and litigating the matter through trial."  Exhibit 3, p.5, emphasis added.

Movant, like most internet subscribers, did not wish to be embroiled in one lawsuit after another, particularly one involving baseless allegations of them illegally downloading internet porn—*a fate made significantly worse given Prenda's regular practice of posting the names of the people it is in the process of suing on its website*.  See Exhibit 4.

Plaintiff's clearly frivolous motion against a non-party suggests that sanctions are appropriate.  Attorney Edmondson leaves it to this Court to craft an appropriate monetary and equitable sanction in light of this odd litigation tactic.  To date, to attorney and paralegal fees (at $ 375.00/hr and $80.00/hr respectively) and costs are $ 6,317.00 and for this motion fees alone was $ 2,377.25.

## V. CONCLUSION

Attorney Edmondson respectfully requests that this Court deny Plaintiff's motion for sanctions and an order of contempt. Attorney Edmondson respectfully requests an award of $6,317.00 as damages for this patently frivolous motion.

Dated: 9/7/2012                                     Respectfully Submitted,

_____
J. Curtis Edmondson
Law Offices of J. Curtis Edmondson
15490 NW Oak Hills Drive
Beaverton, OR 97006
(503) 701-9719 ph
(503) 214-8470 fax
Attorney for Movant

"EXHIBIT B" DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTION AND CONTEMPT