Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| CP PRODUCTIONS, INC., | ) | **No. 2:12-cv-00616-WBS-JFM** |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S REPLY TO DEFENDANT'S** |
| v. | ) | **OPPOSITION TO MOTION FOR** |
| | ) | **ORDER HOLDING DEFENDANT IN** |
| | ) | **CIVIL CONTEMPT** |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**INTRODUCTION**

Plaintiff CP Productions, Inc., through its undersigned counsel, hereby files this Reply to Defendant Doe's tardy Opposition to Motion for Order holding Defendant in civil contempt.[1] (ECF No. 42.) In support of its opposition, Defendant first argues that "[Edmonson] represents a person

---

[1] Defendant's response was filed on September 7, 2012. Therefore, it was filed *thirteen (13)* days prior to the September 20, 2012 hearing on this motion. Eastern District of California Local Rule (L.R.) 230 requires that all responses to motions be "filed and served *not less than fourteen (14)* days preceding the noticed (or continued) hearing." L.R. 230(c) (emphasis added). Defendant's response was not timely. Per L.R. 230, "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." The clear language of this District's Local Rules thus bars Defendant from opposing Plaintiff motion either through a written response or through oral advocacy. As such, Plaintiff calls the Court's attention to this Local Rules, objects to the Court's potential consideration of Defendant's tardy response, and requests that the Court follow the Local Rules in not allowing Defendant to insert its response into the upcoming motion hearing. Further, should the Court still consider Defendant's response, breaking this rule, at the very least, Plaintiff would argue that this infraction would cut off Defendant's rights to any fees for a response that, ultimately, should not be considered under the Local Rules in the first place. Plaintiff presents the following arguments aimed directly at Defendant's response, but does so without waiving its argument that Defendant's untimely response should not be considered *at all* by this Court per L.R. 230.

that was on 'Exhibit B of Plaintiff's Complaint'," and that, as such, Defendant is "subject to this Court's protective order." (ECF No. 42 at 3.) Defendant's second argument is that "attorney Gibbs has failed to file a proof of service for the Defendant on 'Exhibit A'." (ECF No. 42 at 4.) Defendant's third argument is that "Brett Gibb's (sic) motion for sanctions against [Edmonson] should be denied and damages awarded under Fed Rule Civ P. 26(G)(1)(B(II), Fed Rule Civ P. 37, and 17 USC 504" because of its "business model of litigation" and its "frivolous motion against a non-party", asserting that Edmonson should be awarded $6317.00 in damages. (ECF No. 42 at 5.) As detailed below, Defendant's arguments fall short in attempts at defeating Plaintiff's motion.

**ARGUMENT**

**I.  THE INFORMATION PLAINTIFF ASKED ATTORNEY EDMONSON TO DISCLOSE WAS NOT SUBJECT TO THE COURT'S PROTECTIVE ORDER**

Defendant first argues that the information Plaintiff asked Defendant's counsel to disclose was ordered to be protected by this Court, asserting that he "represents a party that was listed on 'Exhibit B' and subject to this Court's protective order." (ECF No. 42 at 3.) In so arguing, Defendant mischaracterizes the scope of the protective order. The protective order states, in pertinent part, that "all subpoenas that have been issued seeking discovery as to the non-party co-conspirators are ordered quashed." (ECF No. 36 at 5.) Even if Edmonson's client were listed in Exhibit B—a proposition for which Edmonson has offered no proof—Edmonson's client would still be obligated to comply with the Court's June 7, 2012 Status (Pretrial Scheduling) Order. (ECF No. 21.)  That status order is separate and distinct from the Court's protective order.

After Edmonson filed a "Status Report" on behalf of his client (which referred to his client as "Defendant"), the Court's issued its Status (Pretrial Scheduling) Order stating that "[t]he parties shall serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before July 31st, 2012." (ECF Nos. 16, 21.) The Court makes clear that Edmonson's client—i.e. Defendant John Doe—is one of the "parties" to which it refers to in ordering that the initial disclosures be served. In fact, the Court directly reflects on Edmonson's client's status in this case when saying, "Defendant John Doe [i.e. Edmonson's client] has, however, filed a status report in this matter and appeared, albeit anonymously…."  In so doing, the Court identified Edmonson as counsel for one of the parties (i.e. "Defendant John Doe"), and, as such, ordered his client to comply with the status order. (ECF No. 16) Complying with the status order meant, in part, to serve initial disclosures upon Plaintiff.

(ECF No. 21.) It is thus undeniable that Edmonson client (i.e. "Defendant John Doe") was obligated by the status order to serve initial disclosures. The protective order neither contradicts nor alters the relevant terms of the status order: the initial disclosures mandated by the status order are unrelated to any subpoenas that had previously been issued seeking discovery. The two are separate orders. The initial disclosures are not related to the subpoenas, and Defendant's assumption that they are equivalent does not make them so.

Furthermore, it is Edmonson's client, and not the ISPs, who was commanded by the court to make initial disclosures; the protective order clearly states that "insofar as any personal identifying information of the non-party co-conspirators has already been provided to Plaintiff from the ISPs, plaintiff is prohibited from communicating with these subscribers. " (ECF No. 36 at 5.) Edmonson's client is not an ISP, and thus does not fall within the purview of the protective order. The protective order thus did not free Edmonson's client of his or her duty to comply with the status order and properly serve initial disclosures upon Plaintiff.

## II. THE COURT ASSERTED THAT A DEFENDANT EXISTED FOR THE PURPOSES OF RULE 26

Defendant argues that it would not need to participate in the Rule 26 conference because "we have no defendant and no declaration that there was service on a defendant."(ECF No. 42 at 4.) The court, however, felt otherwise. In its status order, the Court asserted the following:

> This action was filed against an anonymous defendant, whom plaintiff has thus far failed to identify and serve. Defendant John Doe has, however, filed a status report in this matter and appeared, albeit anonymously, for the purposes of moving for a protective order and to quash subpoenas. No further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

(ECF No. 21 at 2.) This Court thus asserted that there was service sufficient for Rule 26 initial disclosures, which it commanded the parties to undertake in that same order. (ECF No. 21 at 3.) Defendant asserts that "if there was any confusion on the matter [of whom Edmonson actually represents], it was clarified by Edmonson during the Motion Hearing on July 12, 2012… [where Edmonson alleges that he] represent[s] one of the coconspirators." (ECF No. 42 at 3.) Edmonson did not, however, make this assertion at any time prior to the hearing, and still fails to submit any proof with regard to this unsupported assertion. Thus, as the matter presently stands, a status order was issued, and that order compelled both "*parties*"—i.e. Plaintiff and Edmonson's client—to make initial disclosures. (ECF No. 21 at 3.) In purposefully failing to comply with this order, Edmonson's

client failed to comply with the Court's clear directive, and furthermore, he or she failed to notify the Court or Plaintiff that he or she took issue with (i.e. objected to) that directive. Plaintiff dutifully complied with the Court's directive and served initial disclosures upon Edmonson's client, despite the fact that Plaintiff had its own misgivings about setting a discovery timeline at that time. (*See id.* at 2.)

The efficacy of the legal system is grounded to a significant degree upon the parties over whom the court exercises authority complying with the court's directives. That is undoubtedly one of the purposes of having provisions for civil contempt and sanctions in the first place. If parties do not follow a Court order, there should be consequences. Otherwise the Court would be setting precedent allowing for unruly behavior. Edmonson had nearly two months to bring it to Court's attention that its June 7, 2012 Order, according to him, did not apply to his client. Yet, for some reason, Edmonson stayed quiet. Rather than demonstrate why he should not have to do so, he consciously chose to remain silent. After consistently referring to his client as the Doe Defendant, it was only recently that Edmonson changed his tune. Edmonson only changed his story once he realized it no longer benefited his client. Edmonson's outrageous behavior is not only harmful to Plaintiff and to the reputation of this Court, it is also offensive to the entire justice system and the rules it is built upon. Edmonson's client (i.e. "John Doe Defendant") clearly thought that he knew the law better than this Court; there could be no other explanation of his or her failure to respond to the Court's order by neither complying with it nor offering any reason whatsoever—to the Court, or to the Plaintiff—as to why he or she failed to do so. Defendant's conduct epitomizes contempt of court.

### III. PLAINTIFF'S MOTION FOR SANCTIONS AGAINST J. CURTIS EDMONSON SHOULD NOT BE DENIED, AND DEFENDANT SHOULD NOT BE AWARDED ANY DAMAGES UNDER FED RULE CIV P. 26(G)(1)(B)(II), FED RULE CIV P. 37, OR 17 USC 504

Defendant argues that "Plaintiff's motions for sanctions against J. Curtis Edmonson should be denied, and damages awarded under Fed Rule Civ P. 16(G)(1)(B)(II), Fed Rule Civ P. 37, and 17 USC 504" because of "Plaintiff's business model of litigation" and "Plaintiff's clearly frivolous motion against a non-party." (ECF No. 42 at 5.) With regard to Plaintiff's "business model of litigation", Defendant asserts that the model "revolves around securing settlement payments." (*Id.* at 5.) Plaintiff would note, however, that nearly all cases end in settlement; for example, according to the Central District of California's Court Policy on Settlement and Use of Alternate Dispute

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Resolution, less than 2% of the 9000 civil cases filed in the District annually actually go to trial. *See Central District of California's Court Policy on Settlement and Use of Alternative Dispute Resolution,(http://court.cacd.uscourts.gov/Cacd/forms.nsf/0/eb1ae05a45c1df7a882578f7007dff42/$FILE/ADR-08.pdf).* This and other similar statistics suggest that the overwhelming majority of the civil legal system operates on the basis of "securing settlement payments," and Plaintiff fails to see how Defendant's assertion supports the proposition that he or she is entitled to a denial of Plaintiff's sanctions motion or to damages. Defendant goes on to argue that "Plaintiff has an interest in discouraging the internet subscribers it targets from retaining counsel." (*Id.*) In support of this proposition, Defendant proceeds to quote Prenda's FAQ section regarding whether to hire an attorney, emphasizing the part "Some infringers have indicated to us that our settlement offer is significantly lower than the costs associated with hiring an attorney." (*Id.*) Had Defendant bothered to read the immediately preceding portion of the material he cited, he would have read the following: "The decision to hire an attorney is completely up to you. We cannot give you legal advise, but speaking with an attorney is highly advisable." (*Id.*) Only someone who does not understand the words "highly advisable" could have construed Prenda's response as one that discourages retaining counsel. The cited material does go on to state that "some infringers have indicated that Prenda's settlement offer is significantly lower than the costs associated with hiring an attorney and litigating the matter through trial," but that is an insight that around 98% of all civil defendants have arrived at before their cases are heard at trial. (*Id.*) Defendant goes on to characterize Plaintiff's allegations as "baseless," but offers absolutely no support for that conclusory statement, which, ironically, would lead one to properly identify Defendant's characterization as baseless. Defendant next characterizes Plaintiff's instant motion as frivolous, suggesting that sanctions are appropriate. Plaintiff has described above why its motion should succeed, and vehemently disagrees with Defendant's assertion that the motion is frivolous; with this characterization, Defendant further demonstrates that he or she does not take seriously his/her duty to comply with the directives of this Court. Finally, Defendant argues that he (or she) is entitled to "damages" the amount of $6,317.00. (ECF No. 42 at 6.) Plaintiff asserts, however, that Defendant is not entitled to any damages, as Edmonson has failed to prove any of the assertions upon which he bases his claim for damages; Defendant has done little more than exclaim that he is entitled to damages because he is entitled to damages, and that is certainly not an appropriate basis for any monetary remedy. Further, anyone with *any* legal (or not) experience understands that Edmonsons remedial response cannot, in no possible way, add up to $6,317.00.   In presenting this number to the Court with a straight face, he again is duping the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted.

Respectfully Submitted,

CP PRODUCTIONS, INC.,

**DATED: September 13, 2012**

By:     /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 13, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 135.

                                                /s/ Brett L. Gibbs